UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYLLIS B. CERRATO and
GERMAN CERRATO,

      Plaintiffs,

v.                                                 Case No. 8:16-cv-3077-T-24 JSS

NUTRIBULLET, LLC and
CAPITAL BRANDS, LLC,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss. (Doc. No. 26). Plaintiffs oppose the motion.[1] (Doc. No. 30). As explained below, the motion is denied.

## I. Background

On November 1, 2016, Plaintiffs filed this product liability lawsuit against Defendants for injuries sustained by Plaintiffs when Plaintiff Phyllis Cerrato used a blender that was designed and manufactured by Defendants. The blender exploded and resulted in hot liquids severely burning Phyllis Cerrato's face and upper body, as well as causing property damage to Plaintiffs' kitchen.

## II. Motion to Dismiss

On March 14, 2017, Defendants deposed Phyllis Cerrato and her husband, Plaintiff German Cerrato. Thereafter, Defendants filed the instant motion to dismiss, arguing that

---

[1] Defendants also filed a motion to file a reply brief. (Doc. No. 31). However, the Court finds that a reply brief is not necessary, and as such, the Court denies their motion to file a reply brief.

Plaintiffs have fabricated evidence to support their claims. Specifically, Defendants point to Plaintiffs' deposition testimony (Doc. No. 26-4; Doc. No. 26-5), which conflicts with a recorded phone call (Doc. No. 26-3) that Phyllis Cerrato made to Defendants on December 22, 2014—two days after the incident with the blender. Additionally, Defendants contend that Plaintiffs' evidence regarding the valuation of the damage to their kitchen is conflicting.

Defendants contend that all of this evidence shows that Plaintiffs are committing fraud on the Court and should be sanctioned with dismissal of this case with prejudice. Plaintiffs respond that their testimony is not conflicting, but even if it did conflict, such is not fraud on the Court. As explained below, the Court finds that the extreme sanction of dismissal with prejudice is not warranted.

### A. Evidence at Issue

During her call with Defendants on December 22, 2014, Phyllis Cerrato stated that prior to using the blender, she read some of the instructions for the blender and believed that the blender would stop running on its own after one minute. She stated that after putting the ingredients in the blender, she left the blender running unattended (believing it would shut off on its own after one minute), and when she returned to the blender, it was still running. She then tried to turn the blender off (by twisting the blender from the base), but it was too hot to twist to turn it off. As a result, she unplugged the blender in order to turn it off. She estimated that the blender ran between three and six minutes before she was able to turn it off. Thereafter, she let the blender sit and cool for fifteen to twenty minutes before trying to open it. When she opened the blender, it exploded and she was burned, causing her to go to the emergency room.

Defendants submitted to the Court the instructions that came with the blender, which

state the following: (1) never allow the blender to run for more than one minute at a time; (2) the blender has an internal thermal breaker that shuts the blender off when it overheats; and (3) never leave the blender unattended while it is in use. (Doc. No. 26-2). Defendants contend that Phyllis Cerrato did not read or follow these instructions, because she left the blender unattended and let it run for longer than one minute.

Defendants point out that Phyllis Cerrato's March 14, 2017 deposition testimony substantially differed from her December 22, 2014 statements. In her deposition, she stated the following (Doc. No. 26-4): She read through the entire instruction manual before using the blender. After she put the ingredients in the blender and turned it on, she let it run for one minute before she tried to turn it off. She was unable to get the blender to turn off because it was locked and could not be twisted off, so she called for her husband to help her to turn it off. Her husband tried to turn the blender off, and after two to three minutes, Phyllis Cerrato unplugged the blender to get it to stop. After she unplugged the blender, she let it sit for twenty minutes before trying to open it. When she opened the blender, it exploded and burned her.

Phyllis Cerrato went to the emergency room, and Defendants submitted a medical record from her visit. (Doc. No. 26-6). Under the subjective assessment portion of the medical record, it reads:

> PT STATES SHE WAS USING A NEW BLENDER AND SHE
> THOUGHT THAT THE PROCESSOR WOULD STOP ON ITS
> OWN AND AFTER 6MIN PT TOOK ITEM OFF BLENDER AND
> OPENED CONTENTS WHICH WERE HOT AND BURNED LT
> FOREARM AND LOWER CHIN/NECK

(Doc. No. 26-6). In her deposition, Phyllis Cerrato stated that she did not go into details with the nurse and doctor in the emergency room regarding how long the blender was running.

3

She also stated in her deposition that there was no point in time while the blender was running that she left the blender unattended. Furthermore, she stated in her deposition that she did not believe that the blender would automatically shut off on its own after one minute.

Additionally, Defendants point to Plaintiffs' Rule 26 initial disclosures indicating that their kitchen sustained $25,000 worth of damage from the incident, whereas German Cerrato stated at his deposition that he spent approximately $55 for materials necessary to fix the grout and repaint the ceiling. He also stated that he is unsure whether the incident damaged one of his power outlets.

**B. Analysis**

Based on the above, Defendants contend that this evidence shows that Plaintiffs are committing fraud on the Court by fabricating evidence and should be sanctioned with dismissal of this case with prejudice. As this Court has explained:

> [T]here is no question that a trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud upon the court. [Federal Rule of Civil Procedure] 41(b) allows the Court to dismiss for failure to comply with the Federal Rules of Civil Procedure or a court order . . . . Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. Such a dismissal is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.

Indearc Media Corp. v. Kimsey & Associates, P.A., 2009 WL 928556, at *3 (M.D. Fla. Mar. 31, 2009)(quotation marks and citations omitted).

Plaintiffs respond that their testimony is not conflicting, but even if it did conflict, such is not fraud on the Court. The Eleventh Circuit has described fraud on the court as follows:

> Fraud on the court constitutes "only that species of fraud which does

4

> or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." Perjury and fabricated evidence do not constitute fraud upon the court, because they "are evils that can and should be exposed at trial," and "[f]raud on the court is therefore limited to the more egregious forms of subversion of the legal process, . . . those we cannot necessarily expect to be exposed by the normal adversary process."

Council v. American Federation of Government Employees (AFGE) Union, 559 Fed. Appx. 870, 873 (11th Cir. 2014)(citation omitted); see also Travelers Indemnity Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985)(noting that fraud between the parties, without more, is not considered fraud upon the court); S.E.C. v. ESM Group, Inc., 835 F.2d 270, 273–74 (11th Cir. 1998); Patterson v. Lew, 265 Fed. Appx. 767, 768–69 (11th Cir. 2008); Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)(noting that "[g]enerally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or a fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court" and that "less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court").

Here, the evidence shows that at worst, Plaintiffs have committed perjury and fabricated evidence. Such actions constitute harm between the parties, not harm to the Court. The Court agrees with Defendants that Plaintiffs now appear to be changing their story regarding precisely how the incident happened. While the Court does not condone such conduct, Defendants can point out these inconsistencies to a jury, which will prevent Defendants from being further prejudiced. As such, the Court concludes that the extreme sanction of dismissal with prejudice is not warranted.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Defendants' Motion to Dismiss (Doc. No. 26) is **DENIED**.

(2)  Defendants' Motion for Leave to File a Reply (Doc. No. 31) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of April, 2017.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge