UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYLLIS B. CERRATO and GERMAN
CERRATO,

    Plaintiffs,

v.                                                                         Case No: 8:16-cv-3077-T-24JSS

NUTRIBULLET, LLC and CAPITAL
BRANDS, LLC,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Prior Accident/Injury Reports and Consumer Complaints Regarding Product at Issue ("Motion to Compel") (Dkt. 43) and Defendant's Response in Opposition (Dkt. 45). Upon consideration, the Motion to Compel is granted in part and denied in part.

## BACKGROUND

Plaintiffs Phyllis and German Cerrato bring this products liability action against Defendants for injuries allegedly sustained by Plaintiff Phillis Cerrato while using a blender designed and manufactured by Defendants. (Dkt. 1.) Plaintiffs allege that the blender exploded and resulted in hot liquids burning Plaintiff Phyllis Cerrato and causing property damage to Plaintiffs' kitchen. (Dkt. 1 at ¶ 4.) Plaintiffs bring negligence, strict liability, and breach of warranty claims against Defendants. (Dkt. 1.)

On May 1, 2017, Plaintiff served Defendant Capital Brands, LLC with a Second Request for Production of Documents. (Dkt. 45 at 2.) Plaintiff's Second Request for Production included requests for all accident reports and consumer complaints relating to the product at issue.

Defendant objected on various grounds, specifically objecting to producing documents relating to injuries that did not occur under substantially similar circumstances as Plaintiff's accident. (Dkt. 43-1.) Defendant further agreed to produce redacted, non-privileged documents once the parties' Agreed Stipulation for Protective Order was executed and entered. (Dkt. 43.) On July 7, 2017, Defendant supplemented its response, producing documents concerning two incidents which occurred prior to the subject incident and which, according to Defendant, may be "similar enough" for discovery purposes but not substantially similar to the Plaintiff's incident. (Dkt. 43-1.) Upon receiving Defendant's production, Plaintiff deemed the responses and production insufficient and raised this issue with Defendant. (Dkt. 43.) However, the parties could not reach an agreement. As a result, on July 21, 2017, Plaintiff filed its Motion to Compel. (Dkt. 43.) Pursuant to the Court's Case Management and Scheduling Order, the discovery deadline in this matter was August 1, 2017. (Dkt. 16.) On August 4, 2017, Defendant timely filed a response to Plaintiff's Motion to Compel. (Dkt. 45.)

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 26, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In determining proportionality, the court considers several factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). Notably, although

the scope of discovery is broad, "the discovery rules do not permit the [parties] to go on a fishing expedition." *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

A party, "[o]n notice to other parties and all affected persons," may move to compel discovery. Fed. R. Civ. P. 37(a)(1). "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible," but the trial court "is given wide discretion in setting the limits of discovery." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) ("Case law states that a motion to compel discovery is committed to the discretion of the trial court"). "The party resisting discovery has the burden to show that the requested discovery is not relevant and that the production of such discovery would be unduly burdensome." *Benavides v. Velocity IQ, Inc.*, No. 8:05-CV-1536-T-30, 2006 WL 680656, at *2 (M.D. Fla. Mar. 15, 2006).

## ANALYSIS

Plaintiff moves to compel Defendant to produce documents in response to Requests for Production Number 4 and 5. (Dkt. 43.) Plaintiff argues that Defendant should be compelled to provide all accident reports and consumer complaints within Defendant's custody or control regarding the product at issue and that Plaintiff can then assess whether those accidents are "substantially similar." (Dkt. 43.) In response, Defendant argues that it produced responsive documents and the requests are overbroad and not proportional to the needs of the case. (Dkt. 45.)

Request Number 4 seeks "[a]ll accident reports and records relating to any injury allegedly caused by the product." (Dkt. 43-1.) Request Number 5 seeks "[a]ll consumer complaints of any type relating to the product." (Dkt. 43.) Plaintiff defined the term "product" as the "MagicBullett/Nutribullet Pro 900 Series that is the subject of this litigation." (Dkt. 45 at 2.) In response, Defendant objected to both requests as vague, ambiguous, overbroad, not reasonably

calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and on the grounds that they seek irrelevant information based on the claims and expert disclosures in this case. (Dkt. 43-1.) Defendant also objected to producing documents relating to injuries that did not occur under substantially similar circumstances as Plaintiff's accident. (Dkt. 43-1.) Defendant further stated that for discovery purposes, the circumstances surrounding other accidents or products must be "similar enough" that discovery concerning the other incidents is "reasonably calculated to lead to the uncovering of substantially similar occurrences." (Dkt. 43-1.) Defendant produced documents concerning two incidents, contending that the incidents were "similar enough" to Plaintiff's incident for discovery purposes, but not substantially similar. (Dkt. 43-1.)

The federal substantial similarity doctrine governs the admission of other incident evidence in diversity jurisdiction cases such as this matter. *See Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1316 (11th Cir. 2005); *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). This evidentiary doctrine applies when one party seeks to admit prior accidents or occurrences involving the opposing party, in order to show, for example, notice, the party's ability to correct a known defect, and the lack of safety for intended uses. *Heath*, 126 F.3d at 1396 (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988)). Under the substantial similarity doctrine, "such evidence is only admissible if conditions substantially similar to the occurrence caused the prior accidents, and the prior accidents were not too remote in time." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 649-50 (11th Cir. 1990). However, discovery of other incidents involving the same or similar claims and the same or similar products is permissible in a products liability action. *Drossos v. Metro Design USA, LLC*, 8:13-CV-2271-T-17EAJ, 2014 WL 12618200, at *2 (M.D. Fla. Oct. 3, 2014); *Aguirrechu v. Walgreen Co.*, 8:13-

CV-1968-T-30AEP, 2014 WL 12620836, at *1 (M.D. Fla. May 6, 2014). For discovery purposes, the circumstances surrounding the other accidents or products must be "similar enough" that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 686 (S.D. Fla. 2016).

Here, Defendant argues, and the Court agrees, that Plaintiff's requests are overbroad and not proportional to the needs of the case. The requests contain no time limitation and no limitation as to the type of injury at issue, the subject matter of the complaints requested, the alleged defect at issue, or the circumstances of the incident in the materials requested. (Dkt. 45 at 6.) Plaintiff's requests are therefore not tailored to seek information concerning other incidents involving the same or similar claims. *Drossos*, 8:13-CV-2271-T-17EAJ, 2014 WL 12618200, at *2; *Aguirrechu*, 8:13-CV-1968-T-30AEP, 2014 WL 12620836, at *1. Defendant asserts that if Plaintiff's Motion to Compel is granted, Plaintiff should only be entitled to discovery of incidents "similar enough" to the incident Plaintiff describes in her deposition. (Dkt. 45 at 12–13.) Specifically, Defendant states the requests should be limited to similar incidents where "the Nutribullet Pro 900 cup could not be untwisted from the base to turn it off." (Dkt. 45 at 15.) Defendant further asserts that Plaintiff should not be entitled to discovery of information concerning other incidents that occurred subsequent to the subject incident as subsequent incidents are irrelevant. (Dkt. 45 at 13.) Nevertheless, evidence of subsequent incidents is admissible to prove a particular theory of causation, particularly where the exact circumstances of an accident are unknown. *See Dollar v. Long Mfg., N.C., Inc*., 561 F.2d 613, 615 (5th Cir. 1977) (allowing discovery of evidence that may be admissible to show how a particular accident occurred).

Given the overbroad nature of Plaintiff's requests, the Court finds that the requests are unduly burdensome and seek information that is disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(2)(C) (providing that the court, on motion or on its own, must limit the extent of discovery if the discovery sought "is outside the scope permitted by Rule 26(b)(1)"). However, with an appropriate time limitation, a request for accident reports and consumer complaints concerning incidents where the MagicBullet/Nutribullet Pro 900 Series could not be turned off is relevant and proportional to the needs of the case. The Motion to Compel is therefore granted in part, and Defendant shall supplement its response by producing all accident reports and consumer complaints occurring within five years prior to Plaintiff's incident through the date of Plaintiff's Complaint concerning incidents where the MagicBullet/Nutribullet Pro 900 Series could not be turned off. *See Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (stating that the trial court "has wide discretion in setting the limits of discovery"); *Farnsworth*, 758 F.2d at 1547 (same); *Commercial Union Ins. Co.*, 730 F.2d at 731 ("Case law states that a motion to compel discovery is committed to the discretion of the trial court").

Last, Defendant objected to Plaintiff's Requests Number 4 and 5 as seeking confidential and private information, including private information concerning other consumers. The confidential and private information of other consumers is irrelevant to Plaintiffs' claims. Therefore, Defendant shall redact all accident reports and consumer complaints produced to Plaintiffs for the consumers' private and confidential information, including any names, addresses, telephone numbers, and social security numbers.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Prior Accident/Injury Reports and Consumer Complaints Regarding Product at Issue (Dkt. 43) is **GRANTED** in part and **DENIED** in part, as stated herein. Discovery is reopened for the limited purpose of allowing

Defendant to supplement its responses.  Defendant is directed to supplement its responses to Requests 4 and 5 as stated above within ten (10) days of this Order.  Plaintiff's Motion to Compel is denied with respect to the request for fees and costs incurred in connection with the Motion.

**DONE** and **ORDERED** in Tampa, Florida, on August 22, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record