UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYLLIS B. CERRATO and GERMAN
CERRATO,

    Plaintiffs,

v.                                                    Case No: 8:16-cv-3077-T-24JSS

NUTRIBULLET, LLC and CAPITAL
BRANDS, LLC,

    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on Defendants' Motion for Entry of Order Authorizing Release of James Haley Veterans Hospital Records of Plaintiff ("Motion to Compel Medical Records") (Dkt. 47), Defendants' Motion to Compel Execution of Authorization for Employment Records ("Motion to Compel Employment Records"), and Plaintiffs' Response in Opposition to Defendant's Motion to Compel Authorization (Dkt. 60). On October 31, 2017, the Court held a hearing on the Motions. For the reasons stated at the hearing and that follow, the Motions are granted.

### BACKGROUND

Plaintiffs Phyllis and German Cerrato filed this products liability action against Defendants for injuries allegedly sustained by Plaintiff Phyllis Cerrato while using a blender designed and manufactured by Defendants. (Dkt. 1.) Plaintiffs allege that the blender exploded and resulted in hot liquids burning Plaintiff Phyllis Cerrato and causing property damage to Plaintiffs' kitchen. (Dkt. 1 at ¶ 4.) Plaintiff Phyllis Cerrato alleges personal injuries, lost wages, and impaired earning capacity as a result of the accident. (Dkt. 1.)

On January 4, 2017, the Court entered its Case Management and Scheduling Order ("Scheduling Order"). (Dkt. 16.) Pursuant to the Scheduling Order, the deadline for discovery in this case was August 1, 2017. (Dkt. 16.) In March 2016, Defendants subpoenaed records from Plaintiff Phyllis Cerrato's primary care physician at the James Haley Veterans Hospital ("Veterans Hospital") as well as from Plaintiff's employer, the United States Army ("Army"). (Dkt. 47 at 3; Dkt. 48 at 2.) Plaintiffs did not object to the subpoenas. (Dkt. 47 at 3; Dkt 48 at 4.) To date, neither the Veterans Hospital nor the Army has filed an objection to the subpoenas. (Dkt. 47; Dkt. 48.) Nevertheless, Defendants maintain that the Veterans Hospital and Army require a court order or signed authorization from Plaintiff Phyllis Cerrato to release the documents requested in the subpoenas. As a result, Defendants now seek an order authorizing the release of Plaintiff's records from the Veterans Hospital and compelling Plaintiff Phyllis Cerrato to execute an authorization for records from the Army.

**APPLICABLE STANDARDS**

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The U.S. Supreme Court held that the term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), a case management and scheduling order must limit the time to complete discovery. Fed. R. Civ. P. 16(b)(3)(A). This deadline "may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013); M.D. Fla. Local R. 3.09(b) ("Failure to complete discovery procedures within the time established . . . shall not constitute cause for continuance unless such failure or inability is brought to the attention of the Court at least sixty (60) days in advance of any scheduled trial date and is not the result of lack of diligence in pursuing such discovery.").

## ANALYSIS

### A. Motion to Compel Medical Records

Defendants contend that the medical records sought from the Veterans Hospital are discoverable. (Dkt. 47.) However, Defendants filed their Motion to Compel Medical Records past the August 1, 2017 discovery deadline designated in the Scheduling Order. (Dkt. 16.) Defendants must show good cause to modify the Scheduling Order. Fed. R. Civ. P. 16(b)(4). Specifically, Defendants must show that they could not meet the August 1, 2017 discovery deadline despite their diligence. *Ashmore*, 503 Fed. App'x at 685.

Defendants were made aware of the Veterans Hospital's objection to producing the documents without a signed authorization or court order in April 2017. (Dkt. 47-1.) Further, Defendants were notified in an email dated May 18, 2017 that Plaintiffs objected to signing the authorization. (Dkt. 47-2.) On July 14, 2017, Defendant conferred with Plaintiffs requesting their agreement to seek an order from the Court authorizing the release of the records. (Dkt. 47-2.) Plaintiffs' counsel's office indicated that it was reviewing Defendants' proposed order and would

respond shortly. (Dkt. 47-2.) During the hearing, Defendants' counsel explained that Defendants did not file a motion to compel earlier because they were communicating with Plaintiffs to obtain the records and believed they could resolve the issue without judicial intervention. Defendants' counsel further argued that he believed the issue would be resolved because Plaintiffs did not object to the subpoena.

With regard to the relevance of the requested documents, Defendants argue that they seek Plaintiff Phyllis Cerrato's medical records from the Veterans Hospital as Plaintiff has placed her medical condition at issue. (Dkt. 47 at 1.) Plaintiff Phyllis Cerrato is alleging bodily injury, pain and suffering, mental anguish, and aggravation of pre-existing conditions as a result of the subject accident. (Dkt. 1 at ¶ 9.) It is well settled that "when a plaintiff places [her] medical condition at issue, [her] pertinent medical records will be relevant and discoverable by defendants." *Lozman v. City of Riviera Beach*, 08-80134-CIV, 2014 WL 12692766, at *1 (S.D. Fla. May 2, 2014) (quoting *Graham v. Witalec*, 2011 WL 1335808 (N.D. Fla. Apr. 7, 2011)). Further, a party may be compelled to sign an authorization for the release of medical records when the records are relevant and signing the authorization furthers the "just, speedy, and inexpensive determination" of the case. *See* Fed. R. Civ. P. 1, 26(b)(1); *see also Hairston v. ED Nelson Transp.*, 3:13-CV-1457-J-32JBT, 2015 WL 12843868, at *2 (M.D. Fla. Nov. 24, 2015); *Hodge v. Orlando Utilities Comm'n*, 609CV1059ORL19DAB, 2010 WL 11507295, at *3 (M.D. Fla. Apr. 28, 2010); *Zaffis v. City of Altamonte Springs, Florida*, 6:06CV385 ORL31DAB, 2007 WL 646959, at *2 (M.D. Fla. Feb. 27, 2007).

Here, Defendants properly served the Veterans Hospital with a subpoena pursuant to Federal Rule of Civil Procedure 45, and the Veterans Hospital notified Defendants that it required a court order or signed patient authorization. (Dkt. 47-1.) Under Rule 45, if the person

commanded to produce documents objects to the subpoena, then "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B).

Plaintiffs argue that the Motion should be denied because Defendants did not serve Plaintiffs with a formal discovery request. (Dkt. 60 at 3.) However, Defendants subpoenaed the Veterans Hospital pursuant to Rule 45. Plaintiffs cite to the case *James v. Wash Depot Holdings, Inc.,* 240 F.R.D. 693, 695 (S.D. Fla. 2006) to support their argument that courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request. This case is distinguishable as Defendants made a formal request for discovery when they issued a subpoena to the Veterans Hospital. Further, the court in *James* considered a Rule 45 subpoena as a formal discovery request, stating "Defendant is correct in its assertion that courts have required parties to sign written authorizations consenting to the production of various documents. However, generally courts have done so where the party requesting such documents has first sought them pursuant to a Rule 34 document request *or a Rule 45 subpoena*." *James*, 240 F.R.D. at 694 (S.D. Fla. 2006) (emphasis added).

Given the parties' arguments, the Court finds good cause to extend the discovery deadline for Defendants' Motion to Compel Medical Records. *See* Fed. R. Civ. P. 16(b)(4); *Josendis*, 662 F.3d at 1306. Defendants conferred with Plaintiffs to obtain the signed authorization for records prior to the discovery deadline. (Dkt. 47-2.) Plaintiffs did not file a motion for protective order objecting to the issuance of the subpoena. Nor have Plaintiffs objected to the relevance or the scope of the discovery sought in the subpoena. Further, Plaintiffs have not offered a clear explanation concerning why they are opposing the production of the records. Plaintiffs' counsel did convey their concern that allowing production of the requested documents may result in the

Defendants requesting extensions of other pretrial deadlines. Plaintiffs' counsel also argued that the documents may be used to form new expert opinions, thereby requiring an extension of the expert disclosure deadlines and possibly further discovery. However, Defendants' counsel stated that Defendants will not seek to extend pretrial or trial deadlines based on the matters at issue in the Motions. Therefore, Defendants have shown good cause for permitting the discovery concerning Plaintiff Phyllis Cerrato's Veterans Hospital medical records and Plaintiffs will not be prejudiced by the limited discovery Defendants seek. The Court also finds that the discovery sought is relevant and signing the authorization for the release of the medical records furthers the just, speedy, and inexpensive determination of the case. Accordingly, Defendants' Motion to Compel Medical Records is granted.

### B. Motion to Compel Employment Records

Defendants also seek Plaintiff Phyllis Cerrato's employment records from the United States Army. (Dkt. 48.) Plaintiff Phyllis Cerrato is claiming lost wages and impaired earning capacity as a result of the subject accident. (Dkt. 1 at ¶ 9.) As she has placed her employment history and wage information at issue in this lawsuit, Defendants subpoenaed Plaintiff Phyllis Cerrato's employment records from the United States Army in March 2017. (Dkt. 48-1.) On June 1, 2017, after the United States Army did not comply with the subpoena, Defendants' counsel's office sent a letter to Plaintiffs' counsel requesting Plaintiff Phyllis Cerrato sign an authorization for her employment records from the Army. (Dkt. 48-2.) Plaintiff refused to sign the authorization, and Defendants filed their Motion to Compel Employment Records. (Dkt. 48.)

Records relating to Plaintiff Phyllis Cerrato's past employment and educational history are discoverable when, as here, lost wages or earning capacity are at issue, and "Defendants are entitled to have Plaintiff complete the authorizations necessary to obtain those materials."

*Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV, 2009 WL 199091, at *1 (S.D. Fla. Jan. 28, 2009); *see Mosley v. Wyeth, Inc.*, CA 09-0284-KD-C, 2010 WL 761321, at *11 (S.D. Ala. Mar. 3, 2010). Further, Plaintiffs failed to respond to the Motion to Compel Employment Records. Plaintiffs' response was originally due September 12, 2017. When Plaintiffs did not file a response by that date, the Court ordered Plaintiffs to file a response on or before September 25, 2017 and advised Plaintiffs that failure to respond would result in the Court considering the Motion to Compel unopposed. (Dkt. 54.) To date, Plaintiffs have failed to file a response to the Motion to Compel Employment Records. Moreover, Defendants have shown good cause to extend the discovery deadline for Defendants' Motion to Compel Employment Records. *See* Fed. R. Civ. P. 16(b)(4); *Josendis*, 662 F.3d at 1306. Defendants conferred with Plaintiffs to sign the authorization for records prior to the discovery deadline. (Dkt. 48-2.) Plaintiffs did not file a motion for protective order objecting to the issuance of the subpoena to the Army. Nor have Plaintiffs objected to the relevance or the scope of the discovery sought in the subpoena. Moreover, Plaintiffs have not fully explained why they oppose signing the authorization for Plaintiff Phyllis Cerrato's employment records. While Plaintiffs' counsel did argue that discovery of the employment records is untimely and could result in a delay of the progress of the case, Defendants' counsel vowed that Defendants will not seek to extend pretrial or trial deadlines based on the matters at issue in the Motions. Given the foregoing, Defendants have established good cause for obtaining the authorization for Plaintiff Phyllis Cerrato's employment records and Plaintiffs will not be prejudiced by the limited discovery Defendants seek. Additionally, the employment records are relevant and signing the

authorization furthers the "just, speedy, and inexpensive determination" of the case. *See* Fed. R. Civ. P. 1, 26(b)(1). Accordingly, it is

**ORDERED**:

1. Defendants' Motion for Entry of Order Authorizing Release of James Haley Veterans Hospital Records of Plaintiff (Dkt. 47) is **GRANTED**.

2. The provisions of Defendants' proposed Order Authorizing Release of Medical Records (Dkt. 47-4) are specifically incorporated by reference within this Order.

3. Defendants' Motion to Compel Execution of Authorization for Employment Records (Dkt. 48) is **GRANTED**.

4. Plaintiff shall produce a completed authorization for her employment records to Defendants within ten (10) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on November 2, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record